| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA<br>------------------------------------------------------------x<br>JUAN F. MEJIA,<br><br>                        Plaintiff,<br>-against-<br><br>PB OCEAN VIEW INC, d/b/a Al Fresco Restaurant & Bar; PIZZA AL FRESCO LLC, & MIZNER, INC. d/b/a Renato's Restaurant<br>Florida corporations, jointly and severally<br><br>                      Defendants.<br>------------------------------------------------------------x | **COMPLAINT**<br><br>Case No. _____ |

Plaintiff, JUAN F. MEJIA, by and his through undersigned counsel, sues Defendants, PB OCEAN VIEW, INC. d/b/a AL FRESCO RESTAURANT & BAR, MIZNER INC. d/b/a RENATO'S RESTAURANT AND PIZZA AL FRESCO LLC. (collectively "Defendants") . Plaintiff alleges upon knowledge concerning his own acts and upon information and belief as to all other matters and in support thereof alleges:

### I.    OVERVIEW

1. This action seeks to remedy Defendants' illegal practices, whereby Defendants deliberately failed to compensate Plaintiff for all overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*

2. Despite its profitable business, Defendants cheated Plaintiff out of pay for overtime pay legally earned under federal law.

3. Plaintiff was hired in January 2014 to work as a delivery person. He was initially paid by check from PB Ocean View Inc. (Al Fresco Restaurant & Bar), at the rate of $15 per hour.

1

His checks would include overtime paid at time and a half. (Representative pay stubs for February, March and April 2014 are attached as Exhibit "A")

4. However, in the summer of 2014, his pay arrangement changed, although not his job duties, and he was no longer paid time and a half for hours worked beyond 40, but instead was issued a second check for his overtime hours, paid at straight time. The second check was issued by Defendant Pizza Al Fresco, LLC. (Representative pay stubs from PB Ocean View Inc. and Pizza Al Fresco, LLC for a single pay period in 2017, 2018 and 2019 are attached as composite Exhibit "B").

5. For example, for the pay period ending November 23, 2019, claimant was paid 40 hours at $16 per hour by PB Ocean View Inc and 7.41 hours at $16 per hour from Pizza Al Fresco, LLC for performing the exact same work for all 47.41 hours. This blatant and transparent attempt by defendants to evade the overtime pay provisions of the FLSA continued from the summer of 2014 until November 23, 2019. (See Exhibit "B")

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action arising under a federal statute, the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events complained of giving rise to the claims transpired in Palm Beach County, Florida.

8. Defendants are subject to personal jurisdiction in the Southern District of Florida because each Defendant maintains its headquarters in this District and transacts business in the District. Additionally, the wrongs giving rise to the claims in this complaint were committed in Palm Beach County, Florida, where Defendants employed Plaintiff.

2

### III. THE PARTIES

9. Defendant PB Ocean View Inc. is a Florida corporation doing business as Al Fresco Restaurant & Bar; one Arlene Desiderio is the Pres. Sec. and Dir., with an office located at 87 Via Mizner, Worth Ave. Palm Beach, FL;

10. Defendant Pizza Al Fresco LLC is a Florida limited liability company; Arlene Desiderio is the registered agent and general manager;

11. Defendant Mizner Inc. is a Florida Corporation doing business as Renato's Restaurant; Arlene Desiderio is the registered agent, Pres., and Dir. with an office located at 87 Via Mizner, Worth Ave., Palm Beach, FL;

12. Plaintiff Juan F. Mejia was employed by Defendant as a delivery person from January 2014 until the end of November 2019. At all times pertinent, Mejia was a resident of Palm Beach County and is sui juris.

### IV. DEFENDANTS OPERATED A JOINT ENTERPRISE

13. All three Defendants, either directly or through a fictitious name, are in the restaurant business; all three restaurants offer Italian themed cuisine;

14. Arlene Desiderio is an officer, director, president and/or general manager of all three defendants; therefore all three restaurants have common owners and directors;

15. All three restaurants use the same warehouse located at 1253 Old Okeechobee Road, Suite A-1, West Palm Beach, FL 33401 for food preparation, storage and supplies;

16. One "Anthony" is the general manager of all three restaurants; one "José Luis" is the administrator for all three restaurants; all three restaurants use the same administrative office, located at 319 Peruvian Ave., Palm Beach; "Anthony" and "Jose Luis" have authority to hire and fire employees at all three Defendants.

17. Mejia would make food and supplies deliveries to each of the three restaurants daily;

18. One "Javier" is the chef who works in the warehouse and prepares food for all three restaurants;

19. All three defendants have workers compensation coverage under a single Worker's Compensation policy issued by the Zenith insurance Company; policy # Z134259402.

20. Therefore, the defendants operate as a joint enterprise, demonstrated by the above facts which show the defendants perform related activities through unified operation and common control and for a common business purpose.

21. The joint enterprise operated by Defendants has annual revenues in excess of $500,000.

## V.   GENERAL ALLEGATIONS

22. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Mejia.

23. Defendants controlled the terms of Mejia's employment, including the compensation he was paid and the hours he worked.

24. At all relevant times, the unlawful conduct against Mejia, as described in the foregoing paragraphs, was motivated, in whole or in part, to serve Defendants' business interests.

25. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendants, such that all of the aforementioned unlawful conduct is legally attributed to all Defendants.

26. At all times material and relevant hereto, Defendants, were jointly engaged in the restaurant business and had annual gross revenues in excess of five hundred thousand dollars ($500,000.00).

27. At all times material and relevant hereto, Plaintiff was employee of all three Defendants, operating as a joint enterprise in the restaurant industry.

28. Plaintiff's job is not a position involving work that falls within any exemption or exception set forth in the FLSA.

## VI. FACTUAL ALLEGATIONS

29. Mejia realleges each and every allegation of paragraphs 1 – 28 as if fully set forth herein.

30. Mejia was hired in January or February 2014 to work as a delivery person. The job requires him to transport prepared food and restaurant supplies, including pasta, napkins, sauces, bread, ham, soda and water to each of defendants' restaurants on a daily basis.

31. All Defendants utilized the same warehouse and Mejia would make multiple trips daily from the warehouse to each Defendant's restaurants.

32. At the time of hire, Mejia was hired by and was paid $15 per hour by Defendant PB Ocean View Inc., which was operating under the fictitious name of Al Fresco Restaurant & Bar. He was properly paid for hours worked beyond 40 at time and a half. (*See* Exhibit "A").

33. However, in the summer of 2014 his pay arrangement changed and he was no longer paid time and a half for overtime hours; instead, he was issued one check by PB Ocean View Inc. for 40 hours and a second check from defendant Pizza Al Fresco LLC for his overtime hours, but at straight time—despite his job duties remaining exactly the same. (*See* Exhibit "B").

34. Defendants have full knowledge of Mejia's entitlement to overtime pay for hours worked beyond 40, as shown by Defendants' initial policy of paying overtime as required by the

5

FLSA; Defendants' practice of discontinuing Mejia's overtime pay in the summer of 2014 by paying overtime hours at straight time by a second check amounts to a subterfuge designed to cheat Mejia out of his overtime pay.

35. Defendants have actual knowledge of Mejia's right to overtime pay, however despite this actual knowledge defendants' unlawful practice of denying Mejia his overtime paid at time and a half continued until the end of November 2019.

## VII. COUNTS

### Count I

36. Mejia hereby alleges and incorporates by reference the preceding paragraphs of the complaint as if fully alleged herein.

37. Mejia brings this action pursuant to 29 U.S.C. § 216(b) and seeks to redress injuries he suffered as a result of Defendants' failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

38. As an action to enforce provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337.

39. Mejia was not compensated for overtime hours worked at time and half; instead, he was paid by one check drawn on Defendant PB Ocean view Inc. Inc. for 40 hours and a second check drawn on Pizza Al Fresco LLC for his overtime hours, but was paid at straight time.

40. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by knowingly depriving Mejia of compensation for overtime hours worked.

41. Defendants willfully failed to compensate Mejia at time and half for hours worked in excess of 40 each week. This practice of paying Mejia his overtime hours at straight time by a second check resulted in Mejia not receiving all overtime compensation for all hours worked and

was a willful violation of his rights secured by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

42. Mejia has been required to retain the undersigned to bring this action on his behalf and has become obligated to pay him a reasonable fee for his services herein.

43. Mejia has complied with all conditions precedent to the bringing of this action.

44. Mejia respectfully requests this court enter a judgment awarding Mejia all such legal and/or equitable relief as will effectuate the purpose of the Fair Labor Standards Act. As a result of the unlawful acts of defendants, Mejia has been deprived of overtime compensation at time and half. Mejia is therefore entitled to the recovery of such amounts, liquidated damages, attorney fees and other compensation pursuant to 29 U.S.C. § 216(b), as well as any other alternative and additional relief as the court deems equitable and just, including attorney fees and costs.

## VIII. PRAYER FOR RELIEF

Wherefore, plaintiff, Juan F. Mejia, requests this court enter a judgment awarding him all such legal and/or equitable relief as will effectuate the purpose of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*., including, but not limited to:

    A. Enforcing liability amounts due for any and all unpaid wages, including overtime remuneration due from defendants, jointly and severally;

    B. Awarding liquidated damages;

    C. Pre-and post judgment interest;

    D. Awarding Mejia costs and awarding reasonable attorney fees against Defendants, jointly and severally;

    E. Awarding such other alternative and additional relief as the court deems equitable and just.

DATED this 23 day of January 2020.

/s/ David C. Wiitala
DAVID C. WIITALA
Florida Bar No. 21296
**WIITALA & CONTOLE P.A.**
631 US Highway One
Suite 200
North Palm Beach, Florida 33408
Telephone: (561) 842-9998
Facsimile: (561) 842-9977
Email: david@wiitalaandcontole.com

EXHIBIT A



## Earnings Statement (1)

PB Ocean View, Inc
87 Via Mizner
Palm Beach, FL 33480

Period Starting: 02/02/2014
Period Ending: 02/08/2014
Pay Date: 02/13/2014

JUAN F MEJIA
511 EAST LAKEWOOD ROAD
WEST PALM BEACH, FL 33405

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 0
  Local: 0
Social Security Number: XXX-XX-8785

| rate | hours/units | this period | year to date |
|---|---|---|---|
| 15.0000 | 40.00 | 600.00 | 1200.00 |
| 22.5000 | 24.00 | 540.00 | 1192.50 |

**Gross Pay**   $1,140.00   $2,392.50

Statutory Deductions | this period | year to date
Federal Income | -175.50 | 379.13

---

## Earnings Statement (2)

Company Code: RE:TOM 21153879   Number: 76737448   Page 1 of 1
PB Ocean View Inc
87 Via Mizner
Palm Beach, FL 33480

Period Starting: 02/16/2014
Period Ending: 02/22/2014
Pay Date: 02/27/2014

JUAN F MEJIA
511 EAST LAKEWOOD ROAD
WEST PALM BEACH, FL 33405

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 0
  Local: 0
Social Security Number: XXX-XX-8785

| rate | hours/units | this period | year to date |
|---|---|---|---|
| 15.0000 | 40.00 | 600.00 | 2400.00 |
| 22.5000 | 17.00 | 382.50 | 2182.50 |

**Gross Pay**   $982.50   $4,582.50

Statutory Deductions | this period | year to date
Federal Income | -136.13 | 707.64





## Earnings Statement

**ADP**

Company Code  Number    Page
RE/TOM 21153070  76741850  1 of 1
PB Ocean View Inc.
87 Via Mizner
Palm Beach, FL 33480

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 0
  Local: 0
Social Security Number: XXX-XX-9785

Period Starting: 03/16/2014
Period Ending: 03/22/2014
Pay Date: 03/27/2014

JUAN F MEJIA
511 EAST LAKEWOOD ROAD
WEST PALM BEACH, FL 33405

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 40.00 | 600.00 | 6400.00 |
| Overtime | 22.5000 | 26.50 | 596.25 | 5208.75 |

Gross Pay                                $1,196.25    $11,608.75

Statutory Deductions           this period   year to date
  Federal Income                  189.37      1770.21
  ...

---

## Earnings Statement

**ADP**

Company Code  Number    Page
RE/TOM 21153070  76743108  1 of 1
PB Ocean View Inc.
87 Via Mizner
Palm Beach, FL 33480

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 0
  Local: 0
Social Security Number: XXX-XX-9785

Period Starting: 04/20/2014
Period Ending: 04/26/2014
Pay Date: 05/01/2014

JUAN F MEJIA
511 EAST LAKEWOOD ROAD
WEST PALM BEACH, FL 33405

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 40.00 | 600.00 | 7600.00 |
| Overtime | 22.5000 | 25.50 | 573.75 | 6578.75 |

Gross Pay                                $1,173.75    $15,128.75

Statutory Deductions           this period   year to date
  Federal Income                  183.94       303.21

01291

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RE / TOM 21153879 | 01/7380 | 7477664 | 1 of 1 |

PB Ocean View Inc
87 Via Mizner
Palm Beach, FL 33480

**Earnings Statement**

Period Starting: 11/17/2019
Period Ending: 11/23/2019
Pay Date: 11/27/2019



Taxable Marital Status: Single
Exemptions/Allowances: Tax Override:
  Federal: 3          Federal:
  State: 0            State:
  Local: 0            Local:
Social Security Number: XXX-XX-XXXX

JUAN F MEJIA
306 WOODLAND ROAD
WEST PALM BEACH, FL 33461

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 40.00 | 640.00 | 25426.40 |
| Vacation | | | 0.00 | 1280.00 |
| **Gross Pay** | | | **$640.00** | **$26,706.40** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 40.00 | 1589.15 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -30.66 | 1231.48 |
| Social Security | -37.33 | 1556.21 |
| Medicare | -8.73 | 363.95 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7058 | XXXXXXXXX | 525.29 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| *Medical pre-tax 1 | -37.99 | 1606.27 |
| **Net Pay** | **$525.29** | |

Your federal taxable wages this period are $602.01
* Excluded from Federal taxable wages

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

PB Ocean View Inc
87 Via Mizner
Palm Beach, FL 33480

Pay Date: 11/27/2019

Deposited to the account
Checking DirectDeposit



| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7058 | XXXXXXXXX | 525.29 |

JUAN F MEJIA
306 WOODLAND ROAD
WEST PALM BEACH, FL 33461

| 01284 Company Code | Loc/Dept | Number | Page | Earnings Statement |  |
|---|---|---|---|---|---|
| RE / ZG5 21564283 | 01/20 | 7233071 | 1 of 1 | | |

PIZZA AL FRESCO LLC
87 VIA MIZNER
PALM BEACH, FL 33480

Period Starting: 11/17/2019
Period Ending: 11/23/2019
Pay Date: 11/27/2019

Taxable Marital Status: Married
Exemptions/Allowances:   Tax Override:
  Federal: 3    Federal:
  State: 0     State:
  Local: 0     Local:
Social Security Number: XXX-XX-XXXX

JUAN F MEJIA
511 E LAKEWOOD RD
WEST PALM BEACH, FL 33405

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 16.0000 | 7.41 | 118.56 | 4766.08 |
| Overtime | | | 0.00 | 199.20 |
| Gross Pay | | | $118.56 | $4,965.28 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 7.41 | 306.18 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 0.00 | 0.00 |
| Social Security | -7.35 | 307.85 |
| Medicare | -1.72 | 72.00 |
| Net Pay | $109.49 | |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7058 | XXXXXXXXX | 109.49 |

Your federal taxable wages this period are $118.56

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

PIZZA AL FRESCO LLC
87 VIA MIZNER
PALM BEACH, FL 33480

Pay Date: 11/27/2019

THIS IS NOT A CHECK

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7058 | XXXXXXXXX | 109.49 |

JUAN F MEJIA
511 E LAKEWOOD RD
WEST PALM BEACH, FL 33405